UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN LEWIS,

    Plaintiff,

Case No. 1:14-cv-917

v

HON. JANET T. NEFF

DANIEL SPITTERS, *et al.*,

    Defendants.
_____/

# OPINION AND ORDER

Plaintiff initiated this prisoner civil rights action on August 28, 2014 (Dkt 1) and filed an Amended Complaint on November 4, 2014 (Dkt 10). On December 22, 2014, Defendants Judy Cracik, Mark A. Karnitz, Patricia Lamb, and Richard D. Russell ("the MDOC Defendants") moved for summary judgment, asserting Plaintiff's failure to exhaust his administrative remedies (Dkt 19). On March 18, 2015, Defendants Raymond G. Ingraham and Daniel Spitters ("the Medical Defendants") also moved for summary judgment on the same basis (Dkt 30). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 44), recommending that the Court grant the MDOC Defendants' motion for summary judgment (Dkt 19) and grant in part and deny in part Ingraham and Spitters' motion (Dkt 30). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 46), to which Defendants Ingraham and Spitters filed a response (Dkt 49). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those

portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

Plaintiff does not challenge the Magistrate Judge's determination that Defendants Lamb, Cracik, Russell, and Ingraham are not identified in any of the grievances upon which Plaintiff relies, nor does Plaintiff challenge the Magistrate Judge's conclusion that his claims against these Defendants must therefore be dismissed (R&R, Dkt 44 at 6). Rather, Plaintiff objects to one aspect of the Magistrate Judge's Report and Recommendation, to wit: the Magistrate Judge's determination that Plaintiff's Counts II through IV against Defendant Spitters must be dismissed for Plaintiff's failure to exhaust these claims (Objs., Dkt 46 at 1).

In the May 15, 2015 "Affidavit in Opposition to Defendants Motion for Summary Judgment" that Plaintiff submitted for the Magistrate Judge's review, Plaintiff stated that he received all three relevant Step II responses on September 20, 2013 (Dkt 37 at 8, 5/15/15 Aff. ¶¶ 12, 19 & 26). Regarding exhaustion of Count II, Plaintiff stated that "[o]n or about September 20, 2013, Plaintiff filed a Step III Appeal to the Grievance Section Office of Legal Affairs concerning the response to Step II" (Dkt 37 at 8, 5/15/15 Aff. ¶ 13). With regard to exhaustion of Count III, Plaintiff stated that "[o]n October 30, 2013 Plaintiff filed a Step III Appeal to the Grievance Section Office of Legal Affairs concerning the response to Step II" (*id.* ¶ 20). With regard to exhaustion of Count IV, Plaintiff stated that "[o]n or about October 30, 2013 Plaintiff filed a Step III Appeal to the Grievance Section Office of Legal Affairs concerning the response to Step II" (*id.* ¶ 27). Defendants supplied the Magistrate Judge with the MDOC Prisoner Step III Grievance Report, which indicated that the relevant Step III grievances were rejected as untimely inasmuch as they were to be received by

2

October 5, 2013 but were not received until October 30, 2013 (Dfs.' Ex. B, Dkt 20-3 at 3-4).  The Magistrate Judge concluded that "Counts II-IV must be dismissed" (R&R, Dkt 44 at 8).

In his objection, Plaintiff now asserts that "[t]he three grievances referred to as Count[s] II-IV were not untimely" because they were "given to ARUS Thomas Irby on Thursday September 26, 2013 to be processed as interdepartment ID Mail" (Objs., Dkt 46 at 2-4).  In support of his assertion, Plaintiff attaches another "Affidavit," in which he states that "on Thursday September 26, 2013 Plaintiff Lewis gave to ARUS Thomas Irby the complete Step I, II, and III grievance process to be placed in the interdepartment ID Mail" (Dkt 46-1).  Plaintiff further argues that this Court should "count a pleading as filed when given to prison officials" and that he "should not be responsible for Defendants misconduct" (Objs., Dkt 46 at 3-4).

In response to Plaintiff's objections, Defendants opine that Plaintiff is impermissibly shifting his testimony in an apparent effort to revive his claims (Resp., Dkt 49 at 7).  Defendants opine that Plaintiff's original representation that he forwarded his Step III appeals on or about October 30, 2013 is fully consistent with their arrival at the Grievance and Appeals Office on October 30, 2013 and with the Policy Directive providing that interdepartment mail  is generally processed within "one business day after receipt" (Dfs.' Ex. B, Dkt 49-3 at 11, P.D. 05.03.118 (BBB)).  Defendants conclude that Plaintiff's objections constitute an impermissible attempt to create an issue of material fact by filing an affidavit that directly contradicts his earlier sworn testimony (Resp., Dkt 49 at 7).

Plaintiff's objection is denied.

The Magistrate Judge properly concluded from the motion papers before her that Defendant Spitters bore his burden of establishing Plaintiff's failure to exhaust his administrative remedies relevant to Counts II through IV against him.  Plaintiff failed to present his current argument, that

3

his Step III grievances should instead be "considered filed as of Thursday September 26, 2013," to the Magistrate Judge for her consideration, and he identifies no compelling reason for failing to present the argument in his response to Defendants' motions for summary judgment. Consequently, the Court determines that Plaintiff has waived his present argument.

"[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, ... it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). *See also Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (explaining that while the Sixth Circuit has not "squarely addressed" whether a party may raise new arguments before a district judge that were not presented to a magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (determining that the pro se litigant waived his claim "by failing to raise it before the magistrate judge"). "The Magistrate Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct.30, 2009) (internal quotation marks and citation omitted). *See Zimmermann v. Michigan Dep't of Corr.*, No. 1:12-cv-751, 2013 WL 4094074, at *1 (W.D. Mich. Aug. 12, 2013) (collecting cases within this district). Therefore, the Court, in its discretion, declines to consider Plaintiff's argument.

Even if this Court were inclined to consider the merits of Plaintiff's new argument, Plaintiff cannot succeed in creating a question of fact merely by contradicting his earlier representations. "As the Supreme Court has observed, the lower federal courts 'have held with virtual unanimity that a

party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907-08 (6th Cir. 2006) (quoting *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (collecting cases)). Despite the date-specific nature of the exhaustion analysis, Plaintiff proffers no explanation for the discrepancies between his original and current positions about the date on which he sent the Step III grievances. Plaintiff's argument therefore fails to demonstrate that a result other than the recommendation by the Magistrate Judge is justified. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 46) are DENIED, and the Report and Recommendation (Dkt 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the MDOC Defendants' Motion for Summary Judgment (Dkt 19) is GRANTED. Specifically, Plaintiff's claims against Defendants Cracik, Lamb and Russell are dismissed; and Plaintiff's claim against Defendant Karnitz, which Defendant Karnitz did not move to dismiss, goes forward.

**IT IS FURTHER ORDERED** that Defendants Ingraham and Spitters' Motion for Summary Judgment (Dkt 30) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's claims against Defendant Ingraham are dismissed; Plaintiff's claims against Defendant Spitters in Counts II, III and IV of Plaintiff's Amended Complaint are dismissed; and Plaintiff's claim against Defendant Spitters in Count V of Plaintiff's Amended Complaint goes forward.

Dated: September 18, 2015

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge