UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN LEWIS,

    Plaintiff,

v

DANIEL SPITTERS et al.,

    Defendants.
_____/

Case No. 1:14-cv-917

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims his Eighth Amendment rights were violated by not having a prescription of Mobic, a pain medication, refilled while incarcerated in Muskegon Heights, Michigan.[1] Defendant Spitters filed a motion for summary judgment, arguing that Plaintiff failed to establish the elements of an Eighth Amendment claim. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Motion for Summary Judgment be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant Spitters filed a Response (Dkt 79). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff does not object to the Magistrate Judge's recommendation regarding his ADA or RA claims.

Plaintiff asserts that the Magistrate Judge erred in "relying on the Defendant Spitters' [sic] assertion that Doctor Richard Worel is responsible for discontinuing Plaintiff [sic] pain medication" (Objs., Dkt 77 at PageID.762; R&R, Dkt 72 at PageID.750). Plaintiff contends in his objections that "[t]here [was] no point in the grievance process or medical records that Plaintiff Lewis was seen and evaluated by Doctor Richard Worel" (Objs., Dkt 77 at PageID.764). Furthermore, Plaintiff asserts that Defendant Spitters' submitted evidence, electronic medical records, are falsified and that "Defendant Spitters . . . is prone to [falsifying] Electronic Medical Records" (*id.* at PageID.764), resulting in "genuine issues of material fact to be resolved" (*id.*). Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

First, the Magistrate Judge did not merely rely on Defendant Spitters' assertion that Dr. Worel denied Plaintiff's medication. The first step in a cruel and unusual punishment analysis under the Eighth Amendment is to determine, objectively, whether a "serious medical need" exists, deprivation of which is "sufficiently serious" (R&R, Dkt 72 at PageID.748, citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). In this objective step, Plaintiff's medical provider is inconsequential. Defendant Spitters submitted evidence, under oath, that evinced that Plaintiff's medical requests were "subjective and w/o objective findings to confirm" (*id.* at PageID.750; Objs., Exhibit B, Dkt 77-2 at PageID.789). Whether or not Dr. Worel made these findings, Plaintiff still fails to present "significant probative evidence" establishing that "there is a genuine issue for trial" on this objective element. *Pack v. Damon Corp.*, 434 F.3d 810, 813–14 (6th Cir. 2006). Plaintiff merely disagrees with his medical treatment; this entitles Defendant Spitters to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Summary judgment is warranted on this ground, alone.

Second, the Magistrate Judge properly utilized Defendant Spitters' submitted Electronic Medical Records. "Plaintiff cannot establish that Defendant Spitters made or was involved in that particular treatment decision" (R&R, Dkt 72 at PageID.751). The Magistrate Judge was correct. Assertions of falsified documents are normally credibility determinations. *See, e.g.*, *Kasa v. Gonzales*, 128 F. App'x 435, 438 (6th Cir. 2005) (unpublished) ("[W]e have found the use of false documents sufficient to support an adverse credibility determination."). And Plaintiff cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Holdings Corp.*, 379 F.3d 348, 353 (6th Cir. 2004). Plaintiff points to no facts which may or will entitle him to judgment, nor does he refute Defendant Spitters' proof in some material portion. *Id.* at 353. Plaintiff merely speculates as to the documents' authenticity, providing only conjecture and a failed grievance as support (Objs., Dkt 77-3, Exhibit C, at PageID.790-796).

Furthermore, Plaintiff admits that Dr. Worel denied him medication, not Defendant Spitters (Dkt 62 at PageID.682-683) ("Dr. Worel erroneously concluded to stop Plaintiff Lewis [sic] prescription for [M]obic. . . . Because Doctor Worel relied on the misrepresentations made in Plaintiff's medical records made by PA Spitters, he intentionally interfering [sic] with Plaintiff Lewis' continuous treatment plan."). So Plaintiff's objection stating that Dr. Worel did not deny Plaintiff's medication, and that Defendant Spitters falsified documents to make it seem like he had, (Objs., Dkt 77 at PageID.762-764) is without merit.

In sum, the Magistrate Judge properly recommended granting summary judgment in Defendant Spitters' favor (R&R, Dkt 72 at PageID.753) because (1) Plaintiff failed to present significant probative evidence refuting Defendant Spitters' argument that Plaintiff did not suffer deprivation of a "serious medical need," and (2) Plaintiff relies on only credibility determinations in objecting to the Magistrate Judge's use of Defendant Spitters' submitted evidence, evidence that Plaintiff, himself, has verified through documents submitted to the Court under penalty of perjury.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 77) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 72) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Spitters' Motion for Summary Judgment (Dkt 52) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: September 23, 2016                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge