UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWIN LEWIS,

               Plaintiff,                                          Hon. Janet T. Neff

v.                                                    Case No. 1:14-cv-917

DANIEL SPITTERS, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Karnitz's Motion for Summary Judgment. (ECF No. 67).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.


## BACKGROUND

Plaintiff initiated this action on August 28, 2014, against several medical care providers and prison officials including Mark Karnitz.  (ECF No. 1).  Plaintiff subsequently amended his complaint.  (ECF No. 10).  In his amended complaint, Plaintiff asserted several claims including the claim that Defendant Karnitz refused to provide him with a special accommodation for "athletic style" shoes.  Plaintiff alleges that this action violated his rights under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth Amendment.  All of Plaintiff's claims, save his claim that Defendant Karnitz refused to provide him with a special accommodation for "athletic style" shoes, have been dismissed.  Defendant Karnitz now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.       **Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate

indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of

medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Plaintiff alleges that he was examined by Defendant Karnitz on a single occasion, January 10, 2013. (ECF No. 10 at PageID.112). The evidence reveals that Defendant Karnitz did, in fact, examine Plaintiff on this date. (ECF No. 68-4 at PageID.731-33, 735-38). As a result of his examination, Karnitz did not discern any basis to provide Plaintiff with a special accommodation for athletic shoes. (ECF No. 68-4 at PageID.731-33, 735-38). Other than asserting his own lay opinion that he required special footwear, Plaintiff has presented no evidence that he required such or that Defendant Karnitz's actions were unreasonable or threatened Plaintiff's health and welfare. In sum, the evidence even when viewed in a light most favorable to Plaintiff, establishes nothing more than a disagreement between Plaintiff and Karnitz regarding Plaintiff's alleged need for special footwear. As previously noted, however, such disagreement simply does not implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant Karnitz's motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim.

## II.        Americans with Disabilities Act and Rehabilitation Act

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d

474, 481-82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132).  To state a claim under Title II of the ADA, Plaintiff must establish: (1) he is a qualified person with a disability; (2) defendants are subject to the ADA; and (3) he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).  In other words, Plaintiff must establish that Defendant intentionally discriminated against him because of his disability.  *Id.*  Title II of the ADA applies to state prisons and inmates.  *See Mingus*, 591 F.3d at 482.

   The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States. . .shall, solely by reason of her or his disability, ... be subjected to discrimination under any program or activity receiving Federal financial assistance. . .."  29 U.S.C. § 794(a).  Claims asserted under the Rehabilitation Act are analyzed similarly to claims asserted under the ADA.  *See Lee v. City of Columbus*, 636 F.3d 245, 250 (6th Cir. 2011); *McPherson v. Mich. High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) (en banc) ("[t]he analysis of claims under the [ADA] roughly parallels those brought under the Rehabilitation Act").  While both provisions prohibit discrimination against the disabled, the Rehabilitation Act, unlike the ADA, expressly prohibits discrimination *solely* on the basis of disability.  *See Lee*, 636 F.3d at 250.

   Even if the Court assumes that Plaintiff's impairments constitute a "disability," Plaintiff has failed to present any evidence that Defendant Karnitz acted because of such disability.  Rather, the evidence reveals that Defendant Karnitz declined to recommend that Plaintiff receive an accommodation for special footwear because in the exercise of his professional judgment such was not appropriate. Accordingly, the undersigned recommends that Defendant Karnitz's motion for summary judgment be granted as to Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Karnitz's Motion for Summary Judgment, (ECF No. 67), be **granted** and this matter **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  November 3, 2016                           /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge